**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| John Raines and John Nesse, as Trustees of the Carpenters & Joiners Welfare Fund and each of their successors, | Civil No. 20-573 (DWF/ECW) |
| Plaintiffs, | **FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR ENTRY OF JUDGMENT** |
| v. | |
| Vince Bird Construction, Inc., | |
| Defendant. | |

## FINDINGS OF FACT

1. The Complaint was filed with the Court on February 21, 2020. (Doc. No. 1).

2. The Summons was filed with the Court on February 24, 2020. (Doc. No. 3).

3. Plaintiffs served the Complaint and Summons on Defendant on February 26, 2020. (Doc. No. 4).

4. The time allowed by law and specified in the Summons for Defendant to answer the Complaint has lapsed. Defendant failed to file an Answer with the Clerk of Court or serve an appropriate Answer upon Plaintiffs' counsel.

5. The Application for Entry of Default (Doc. No. 5) and Affidavit of Amanda R. Cefalu in support of the Application for Entry of Default (Doc. No. 6) were filed with the Court on May 21, 2020.

6. The Clerk's Entry of Default (Doc. No. 8) was entered on May 22, 2020.

7. Plaintiffs are trustees and fiduciaries of the above-captioned fund (hereinafter "Fund"). The Fund is a multi-employer jointly-trusteed fringe benefit plan created and maintained pursuant to Sections 302(c)(5) and 302(c)(6) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. §§ 186(c)(5), 186(c)(6). The Fund is administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq. ("ERISA"). Plaintiffs John Raines and John Nesse, and any subsequently appointed successors, are Trustees of the Fund and fiduciaries under ERISA § 3(21), 29 U.S.C. § 1002(21).

8. Defendant, by execution of a collective bargaining agreement with the North Central States Regional Council of Carpenters Local 444, now known as Local 427 ("Union"), is bound by a certain collective bargaining agreement ("CBA") between the Omaha Building Contractors Employers Association and the Union.

9. The CBA requires, among other things, signatory employers to make fringe benefit contributions to the Fund in accordance with its terms. These contributions must be made on behalf of all employees covered by the CBA, in amounts set forth and agreed upon therein, for the purpose of funding employee benefits. Employers, such as Defendant, are required to complete a report form with the information as required by the Trustees, identifying each of its employees and each hour worked by those employees during the months performing covered service. The reports are required to be submitted with the payment for the amounts due not later than the 15th day of the following month.

All contributions must be made, and all reports must be submitted to Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425, as the administrative agent designated by the Trustees.

10. The Collective Bargaining Agreement further requires signatory employers to produce to the Trustees or their authorized agents, on demand, all necessary employment and payroll records, and any other relevant information, whenever such examination is deemed necessary in the discretion of the Trustees.

11. The CBA provides that an employer is liable for an additional 10% of all contributions which are not timely submitted, for liquidated damages, and also provides that Plaintiffs are entitled to their attorney fees and costs.

12. At the time the Complaint was filed in this action, Defendant breached its obligation under the CBA by failing to timely submit employment and payroll records to Plaintiffs for the months of January 2016 through December 2019. In August 2020, Defendant produced these employment and payroll records, and an audit was performed for this period. As a result of that audit, Plaintiffs found that Defendant's employees worked hours covered by the CBA for which Defendants did not submit the required fringe benefit contributions. The amount of fringe benefit contributions due and owing for the audit period is $1,492.92, plus liquidated damages in the amount of $149.29 and interest of $3.91, totaling $1,646.12.

13. The CBA provides that Plaintiffs are entitled to their reasonable attorney fees and costs of this action.

14. Plaintiffs have incurred $2,876.30 in attorneys' fees and costs in pursuit of this matter.

15. At the hearing on the motion for default on December 11, 2010, the Court granted the pending motion, but stayed the entry of judgment for thirty days. Now that the thirty days have passed, the Court enters this Order. (Doc. No. 19.)

## CONCLUSIONS OF LAW

1. Defendant is in default, and Plaintiffs are entitled to entry of judgment.

2. Defendant is liable to the Fund for all fringe benefit contributions that are found to be due and owing for the period of January 2016 through December 2019, together with liquidated damages, interest, and attorney fees and costs incurred in collecting the delinquency pursuant to 29 U.S.C. § 1132(a) and (g). The amount of fringe benefit contributions due and owing for the audit period is $1,492.92, plus liquidated damages in the amount of $149.29, and interest of $3.91, totaling $1,646.12.

3. Plaintiffs' incurred attorneys' fees and costs of $2,876.30 are reasonable under ERISA § 502(g); 29 U.S.C. 1132(g).

## ORDER

1. Plaintiffs' Motion for Entry of Judgment (Doc. No. [10]) is **GRANTED**.

2. Judgment against Defendant be entered in the total amount of $4,522.42.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  January 21, 2021          s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  United States District Judge